UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROXANNA ELLIN,**

      **Plaintiff,**

v.   Case No:  6:15-cv-1020-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

MEMORANDUM OF DECISION

Roxanna Ellin (the Claimant) appeals the Commissioner of Social Security's (the Commissioner) final decision denying her application for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (the ALJ) erred by: 1) finding she was not disabled under Listing 1.04; 2) finding her testimony concerning her pain and limitations not credible; and 3) failing to account for all of her limitations at step fours and five. Doc. 24 at 7-12. Claimant argues that the matter should be reversed for an award of benefits, or, in the alternative, remanded for further proceedings. *Id*. at 12-13. The Court finds that the Commissioner's final decision should be **AFFIRMED**.

**I.   THE ALJ'S DECISION.**

This appeal stems from Claimant's application for a period of disability and disability insurance benefits, alleging a disability onset date of November 21, 2011. R. 153-60, 179. The ALJ issued her decision on May 22, 2014. R. 20-30. The ALJ found that Claimant's date last insured was June 30, 2013. R. 22. The ALJ found that Claimant suffered from the following severe impairments through her date last insured: mild scoliosis; degenerative disc disease;

osteoarthritis; and fibromyalgia. R. 22. The ALJ also found that Claimant suffered from the following non-severe impairments through the date last insured: headaches; depression; and anxiety. R. 22-25. The ALJ found Claimant did not meet or equal any listed impairments. R. 25. The ALJ found that Claimant had the residual functional capacity (RFC) to perform less than a full range of light work as defined by 20 C.F.R. § 404.1567(b)[1] through the date last insured, with the following additional limitations:

> The claimant could lift twenty pounds occasionally and ten pounds frequently; and sit, stand, and/or walk throughout the workday. The claimant could occasionally bend and stoop.

R. 25. The ALJ posed a hypothetical question to the vocational expert that was consistent with the foregoing RFC determination, and the VE testified that Claimant would be capable of performing her past relevant work as a secretary and data entry clerk. R. 54. The ALJ, relying on the VE's testimony, found that Claimant was capable of performing her past relevant work as a secretary and data entry clerk through the date last insured. R. 29-30.[2] Therefore, the ALJ found that Claimant was not disabled between her alleged onset date, November 21, 2011, through her date last insured, June 30, 2013. R. 29-30.

## II. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

[2] The ALJ did not continue on to step five. *See* R. 30.

than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. ANALYSIS.

This case centers on the denial of Claimant's application for DIB. A claimant seeking DIB is eligible for such benefits where he or she demonstrates disability on or before his or her date last insured. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, Claimant was required to demonstrate that she was disabled on or before her date last insured, June 30, 2013. *Id*. The Court, bearing this in mind, turns to Claimant's arguments.

#### A. Listing 1.04.

Claimant argues that the ALJ "completely ignored . . . medical evidence" that supports a finding that she is disabled under Listing 1.04. Doc. 24 at 7-8. The Commissioner argues that Claimant has failed to demonstrate that she meets or equals any of Listing 1.04's three subsections.

Doc. 26 at 6-7. Further, the Commissioner argues that the ALJ's determination that Claimant does not meet or equal Listing 1.04 (or any other listing) is supported by substantial evidence. *Id.* at 7-8.

At step three, the ALJ must consider whether a claimant's impairments, individually or in combination, meet or equal any of the impairments contained in the Listing of Impairments (the "Listings"), which identifies impairments that are considered severe enough to prevent a person from engaging in any gainful activity. 20 C.F.R. § 404.1525(a). The claimant has the burden of proving that an impairment meets or equals a listed impairment. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991). To "meet" a listed impairment, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the listed impairment and the duration requirement. *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (per curiam) (citing 20 C.F.R. § 404.1525(a)-(d)); *see Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (an impairment that meets only some of the criteria of a listed impairment, no matter how severely, does not qualify). To "equal" a listed impairment, the medical findings must be "at least equal in severity and duration to the listed findings." *Wilson*, 284 F.3d at 1224 (citing 20 C.F.R. § 404.1526(a)). If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to the criteria of any listed impairment. *Id.* If a claimant satisfies his or her burden of proving that an impairment meets or equals a listed impairment, then he or she is disabled. *See* 20 C.F.R. § 404.1520(a). If not, the ALJ moves on to step four, and, if necessary, step five. *See id.*

Claimant, as previously mentioned, argues that the ALJ "completely ignored . . . medical evidence" that supports a finding that she is disabled under Listing 1.04. Doc. 24 at 8. Thus, Claimant suggests that she is disabled under Listing 1.04, which provides:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04 (2014). Thus, in order to meet Listing 1.04, Claimant must demonstrate that she has a disorder of the spine that results in compromise of a nerve root or the spinal cord, and that meets all of the criteria contained in Listing 1.04(A), 1.04(B), or 1.04(C). *Id.* Claimant, however, fails to argue whether she meets or equals Listing 1.04(A), (B) or (C). *See* Doc. 24 at 8. Specifically, Claimant fails to point to any evidence from the relevant time period demonstrating that she meets or equals Listing 1.04(A), (B) or (C). *See id.* In light of Plaintiff's conclusory argument, the Court finds that she has waived any argument that she meets or equals Listing 1.04(A), (B) or (C). *See T.R.C. ex rel. Boyd v. Comm'r of Soc. Sec.*, 553 F. App'x 914,

919 (11th Cir. 2014)³ (finding claimant waived argument that she equaled a listed impairment because she failed to present any argument demonstrating that the ALJ erred in considering that listed impairment) (citing *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.")).

The Court, despite Claimant's waiver, has considered whether the ALJ erred in determining that she did not meet or equal Listing 1.04. The Court first notes that the ALJ did not expressly mention Listing 1.04 in her decision. *See* R. 25. The ALJ must consider the Listings in making his or her disability determination, but is not required to mechanically recite the evidence supporting his or her step three determination. *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986). The ALJ's determination that a claimant does not meet or equal a listed impairment may be implied from the record. *Id*. "Therefore, in the absence of an explicit determination, [the court] may infer from the record that the ALJ implicitly considered and found that a claimant's disability did not meet a listing." *Flemming v. Comm'r of the Soc. Sec. Admin.*, 635 F. App'x 673, 676 (11th Cir. 2015) (citing *Hutchison*, 787 F.2d at 1463). The ALJ clearly considered whether Claimant met or equaled any listed impairment, finding, in relevant part, as follows:

> The medical evidence does not document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination. No State agency reviewer/consultant/examiner has concluded that the claimant has an impairment(s) severe enough to meet or equal a listing. No subsequent evidence has been submitted that would alter the previous conclusions that the claimant has no impairments severe enough to meet or equal a listing. No treating physician has credibly concluded that the claimant has an impairment or combination thereof severe enough to meet or equal a listing.

---

³ In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

R. 25. The Court finds the ALJ's step three findings are sufficient to infer that the ALJ properly considered whether Claimant met or equaled any of the relevant listed impairments, including Listing 1.04. *See Hutchison*, 787 F.2d at 1463.

Further, the ALJ's implicit determination that Claimant does not meet or equal Listing 1.04 is supported by substantial evidence. There is no dispute that Claimant suffers from degenerative disc disease, an impairment that falls under Listing 1.04. *See* R. 22. The medical record, however, does not contain any evidence from the relevant time period demonstrating that Claimant's back impairments have compromised a nerve root or her spinal cord. *See, e.g.*, R. 291, 310, 312, 315. Further, the medical record does not contain a combination of medical findings from the relevant time period that would meet all of the criteria contained in Listing 1.04(A), (B), or (C), or equal the same. *See* R. 286-318, 342-48, 351-61, 423-43. In light of the foregoing, the Court finds that the ALJ's implicit determination that Claimant does not meet or equal Listing 1.04 is supported by substantial evidence.[4]

### B. The ALJ's Credibility Determination.

Claimant argues that the ALJ's reasons supporting her credibility determination are conclusory and not supported by substantial evidence. Doc. 24 at 10-12. The Commissioner essentially argues that the ALJ's credibility finding is supported by substantial evidence. Doc. 26 at 14-16.

---

[4] Claimant does not expressly argue that she meets or equals any other particular listed impairment. *See* Doc. 24 at 7-8. Therefore, Claimant has waived any argument that she meets or equals any other listed impairments. *See T.R.C. ex rel. Boyd*, 553 F. App'x at 919.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson*, 284 F.3d at 1225. If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Foote*, 67 F.3d at 1562.

The ALJ held a hearing in this case on May 8, 2014. R. 38-57.[5] At the hearing, Claimant testified that she suffers from several physical and mental impairments, including back pain, osteoarthritis, headaches, anxiety and depression. R. 42-45, 49-50. Claimant testified that she can sit for 15-30 minutes before needing to move, stand for 15 minutes before needing to sit, and walk for 10-15 minutes before needing to rest. R. 48. Claimant testified that she can lift and carry a gallon of milk, but it hurts her hand. R. 49. Claimant testified that her mental impairments affect

---

[5] Claimant was represented during the hearing. R. 38.

her ability to concentrate and cause her to be anxious around other people. R. 43-44, 47. Claimant testified that her medication causes her to feel drowsy, and, as a result, she sleeps 1-2 hours during the day, every day. R. 45. Claimant testified that she can dress herself, and that she occasionally drives. R. 42, 46. Claimant also testified that she watches television, prepares simple meals, and helps with the laundry. R. 47-48.[6]

The ALJ found Claimant's impairments could reasonably be expected to cause her alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of her symptoms are "not entirely credible for the reasons explained in this decision." Specifically, the ALJ explained:

> The claimant's credibility is diminished by her work history. The record reveals variable earnings that only exceeded substantial gainful activity levels one year since 2001. Further, the claimant admits that her work ended because she was laid off, and she has stopped looking for employment since she began the disability application process.
>
> The claimant's credibility is weakened by her activities of daily living. The claimant admits preparing meals for her husband, doing some cleaning and laundry, shopping for groceries, and occasionally driving.
>
> The claimant's credibility is diminished by her inconsistent statements. For example, while the claimant complained of lumbar pain of one year's duration on September 24, 2012, she reported neck and back pain of two years duration on October 30, 2012. Further even though the claimant alleges medication side effects including drowsiness, there is no indication of these complaints in physical treatment records through the period at issue.
>
> The claimant's allegations of disability are not entirely consistent with the objective medical record. Notably, there is no evidence of any treatment from the amended alleged onset date of November 21, 2011 through September 23, 2012. Further, the claimant's treatment from September 24, 2012 through the date last insured was conservative, with only primary care and chiropractic treatment.

---

[6] Claimant had also previously reported that she does light cleaning and runs errands. R. 197, 289.

- 9 -

> The claimant has not required inpatient hospitalizations, recurrent emergency room visits, surgery, or chronic pain management treatment. Additionally, no treating physician has prescribed an assistive device for ambulation, nor has any treating physician advised her to lie down during the day or limit her sitting, standing, or walking. In fact, while Mercedes Cabalelro, M.D., the claimant's primary care physician, recommended the claimant avoid heavy lifting on September 24, 2012, she also instructed the claimant to engage in an exercise regimen. Moreover, consultative examination findings were mild in nature, consistent with the claimant's sparse and conservative treatment record during the period at issue.

R. 26-27 (internal citations omitted). Therefore, the ALJ found that Claimant's allegations concerning the intensity, persistence, and limiting effects of her symptoms "not entirely credible" for four principle reasons: 1) Claimant's work history; 2) Claimant's activities of daily living; 3) Claimant's inconsistent allegations concerning the severity of her symptoms; and 4) the inconsistencies between Claimant's allegations concerning the severity of her symptoms and the medical record. *Id*. Claimant argues that these reasons are conclusory and not supported by substantial evidence. Doc. 24 at 10-12.

The ALJ's credibility determination is not conclusory. The ALJ offered four, detailed reasons, with citations to the record, in support of her credibility determination. R. 26-27. Thus, the Court is capable of conducting a meaningful review of the reasons supporting the ALJ's credibility determination. The Claimant's argument, on the other hand, is conclusory, because she does not contend that the ALJ's reasons fail to support her credibility determination, nor does she explain why the ALJ's reasons are not supported by substantial evidence. *See* Doc. 24 at 11-12. Claimant, instead, simply argues that the ALJ's reasons are not supported by substantial evidence. *See id*. In light of this perfunctory argument, the Court finds Claimant has waived any argument that the ALJ's reasons do not support her credibility determination, and are not supported by substantial evidence. *See McClain of Ga., Inc.*, 138 F.3d at 1422.

The Court, despite Claimant's waiver, has considered whether the ALJ's reasons support her credibility determination, and are supported by substantial evidence. The ALJ found Claimant's work history, her activities of daily living, her inconsistent statements, and the inconsistency between her allegations and the medical record demonstrate that her allegations concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. R. 26-27. These factors are relevant in determining Claimant's credibility. 20 C.F.R. § 404.1529(c)(3); SSR 96-7p, 1996 WL 374186, at *5 (July 2, 1996). Further, the ALJ's reasons support her credibility determination, as they tend to demonstrate that Claimant's allegations concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. The ALJ, for example, found that there was no evidence Claimant complained of medication side effects to her physicians during the relevant time period. R. 27 (citing R. 303-61, 423-43). The failure to report side effects to medical providers is relevant in determining Claimant's credibility, and tends to undermine her testimony concerning the existence and impact of those side effects. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938 (11th Cir. 2011) ("[A] claimant's failure to report side effects to his physicians is an appropriate factor for the ALJ to consider in evaluating whether a claimant's alleged symptoms are consistent with the record."). The ALJ, as another example, found that Drs. William Austin's[7] and Ladapo Shyngle's[8] consultative examination findings revealed mild impairments, which was consistent with Claimant's sparse and conservative treatment record during the relevant time period. R. 27. Drs. Austin's and Shyngle's findings and opinions are relevant in this case, and tend to undermine Claimant's testimony concerning the intensity, persistence, and limiting effects of her symptoms.

---

[7] Dr. Austin conducted a mental health examination. R. 288-90.

[8] Dr. Shyngle conducted a physical examination. R. 294-301.

These reasons, along with the ALJ's other reasons, support her credibility determination, and are supported by substantial evidence. *See, e.g.*, R. 288-90, 294-301, 303-61, 423-43. Therefore, the Court finds that the ALJ's credibility determination is supported by substantial evidence.

### C. The ALJ's RFC Determination.

Claimant argues that the ALJ's RFC determination does not account for all of her functional limitations, and, thus, the ALJ erred in determining that she could perform her past relevant work as a secretary and data entry clerk. Doc. 24 at 8-10. The Commissioner argues that the ALJ's RFC determination and her determination that Claimant was capable of performing her past relevant work as a secretary and data entry clerk during the relevant time period is supported by substantial evidence. Doc. 26 at 10-19.

At step four of the sequential evaluation process, the ALJ must determine a claimant's RFC and ability to do past relevant work. *Phillips*, 357 F.3d at 1238 (citing 20 C.F.R. § 404.1520(a)(4)(iv)). The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In evaluating the claimant's RFC, the ALJ considers the claimant's ability to "meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. § 404.1545(a)(4). The ALJ must consider all of the claimant's medically determinable impairments, even those not designated as severe. *Id.* § at 404.1545(a)(2).

The ALJ may rely on a vocational expert's (VE) testimony in determining whether a claimant can perform his or her past relevant work. *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005) (citing 20 C.F.R. § 404.1560(b)(2)). In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which is accurate and includes all of a claimant's limitations. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th

Cir. 1999). The ALJ, however, is not required to include each and every symptom of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or medical findings that the ALJ properly rejected as unsupported, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004), in the hypothetical question.

The ALJ, as previously mentioned, found that Claimant had the RFC to perform less than a full range of light work as defined by 20 C.F.R. § 404.1567(b) through the date last insured, with following additional limitations:

> The claimant could lift twenty pounds occasionally and ten pounds frequently; and sit, stand, and/or walk throughout the workday. The claimant could occasionally bend and stoop.

R. 25. Claimant seemingly argues that the ALJ's RFC determination does not properly account for her back pain, elbow pain, foot pain, numbness, depression, anxiety, fatigue and forgetfulness. Doc. 24 at 9. Claimant maintains that these impairments would prohibit her from performing her past relevant work as a secretary or data entry clerk. *Id*.

The Court finds Claimant's argument unavailing. Claimant points to her impairments and symptoms, as opposed to particular functional limitations, in support of her argument. Doc. 24 at 9. The mere presence of those impairments and symptoms does not reveal the extent to which Claimant's ability to perform work-related functions is limited. *See Moore*, 405 F.3d at 1213 n.6 (explaining the mere existence of an impairment does not reveal the extent to which that impairment limits a claimant's ability to perform work-related functions). Thus, the inclusion of the highlighted impairments and symptoms in the RFC would not provide further insight into Claimant's ability to perform work-related functions. Further, Claimant points to no medical or opinion evidence from the relevant time period indicating that the highlighted impairments and symptoms cause any work-related functional limitations greater than those included in the ALJ's

RFC determination.  *See* Doc. 24 at 9.[9]  Therefore, Claimant has not demonstrated that the ALJ failed to account for all of Claimant's limitations in the RFC determination, and, thus, has failed to demonstrate that the ALJ erred by relying on the VE's testimony in determining that Claimant could perform her past relevant work as a secretary and data entry clerk.  *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (claimant bears the burden of proving his or her disability).  The Court, consequently, finds that the ALJ committed no error with respect to the RFC determination and the determination that Claimant can perform her past relevant work as a secretary and data entry clerk.[10]

## IV.  CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

---

[9] Claimant, instead, cites to administrative filings, such as a disability report, a work history report and a letter to the ALJ following the hearing, as well as medical records that post-date the relevant time period.  Doc. 24 at 9 (citing R. 184, 190, 250, 362-83).

[10] Claimant also argues that she is disabled under Medical Vocational Rule 201.14.  Doc. 24 at 11-12.  The Medical Vocational Rules or grids are only applied if the ALJ determines that the claimant cannot perform past relevant work.  20 C.F.R. § 404.1569 ("We apply these rules in cases where a person is not doing substantial gainful activity and is prevented by a severe medically determinable impairment from doing vocationally relevant past work.").  The ALJ found that Claimant could perform her past relevant work as a secretary and data entry clerk, and, thus, did not continue onto step five.  R. 29-30.  Therefore, the ALJ did not err in failing to use the grids.  *Andrews v. Comm'r, Soc. Sec. Admin.*, 2014 WL 5502479, at * 9 (N.D. Ala. Oct. 30, 2014).

2.  The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 13, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Deborah A. Arnold
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
3505 Lake Lynda Drive
Suite 300
Orlando, Florida 32817-9801